# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS DEAN JOHNSON,<br><br>    Defendant. | No. CR08-4006-MWB<br><br>**DETENTION ORDER** |

This matter came on for detention hearing on January 30, 2008. Assistant U.S. Attorney Kevin Fletcher appeared on behalf of the plaintiff (the "Government"). The defendant Douglas Dean Johnson appeared in person with his attorney, Douglas Roehrich. The Government offered the testimony of Lieutenant Randall Kramer of the O'Brien County Sheriff's Office.

The court must determine whether any condition or combination of conditions will reasonably assure Johnson's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Johnson as required and the safety of the community if the court finds there is probable cause to believe Johnson committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of

risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record indicates Johnson has been manufacturing substantial amounts of methamphetamine on a regular basis for a number of years. He also has involved others in his activities by having others purchase pseudoephedrine pills and other items used in the manufacturing process, and trading methamphetamine for those items. Numerous cooperating witnesses have given statements about Johnson's activities, and about the purity of the methamphetamine he manufactured.

Although it appears Johnson may have stopped his own drug usage and begun working at a good job several months ago, he only did so after he was arrested in July 2007. Johnson has failed to offer any evidence to rebut the presumption that he is a danger to the community. The presumption arises from the charge itself – a serious drug charge involving the possession with intent to distribute a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Viewing the record as a whole, the court finds nothing to indicate Johnson would be able to refrain from continuing to engage in criminal activities if he were released. In addition, Johnson is facing a lengthy prison term that could result in him spending the rest of his life in prison.

For these reasons, the court finds the Government has proved by a preponderance of the evidence that Johnson is a flight risk, and by clear and convincing evidence that Johnson would be a danger to the community if released. Therefore, the court finds the following:

1. Johnson is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Johnson reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Johnson to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Johnson must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 30th day of January, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT