# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS DEAN JOHNSON,<br><br>    Defendant. | No. CR08-4006-MWB<br><br>**ORDER ON DEFENDANT'S "DENIAL AND RESPONSE TO GOVERNMENT'S ENHANCEMENT INFORMATION AND NOTICE OF PRIOR CONVICTION"** |

_____

On March 6, 2008, the defendant Douglas Dean Johnson filed a document entitled "Denial and Response to Government's Enhancement Information and Notice of Prior Conviction and Request for Oral Argument." (Doc. No. 67) The Clerk of Court docketed the filing as a motion. In the motion, Johnson challenges the section 851 notice contained in Count 1 of the Indictment, arguing the alleged "prior" conviction was part of the relevant offense conduct, and therefore it cannot be a prior conviction. (*Id.*, p. 2).

In Count 1 of the Indictment, Johnson is charged with a conspiracy to manufacture and distribute 50 grams or more of actual (pure) methamphetamine in violation of 18 U.S.C. § 846. The Grand Jury alleges the conspiracy took place between March 2002, and about August 31, 2007. The Grand Jury also alleges that on March 21, 2006, Johnson was convicted in Nebraska of felony possession of a controlled substance, and cites to 21 U.S.C. § 851 at the end of Count 1. This has the effect of increasing the mandatory minimum sentence on Count 1 from ten years in prison to twenty years in prison. *See* 21 U.S.C. § 841(b)(1)(A)(viii).

Section 851 provides, in relevant part:

> (a) Information filed by United States Attorney
>
> > (1) No person who stands convicted of an offense under [Title 21, United States Code, Section 841, *et seq*.] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . .
>
> > * * *
>
> (c) Denial; written response; hearing
>
> > (1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. . . . The hearing shall be before the court without a jury and either party may introduce evidence. . . . [T]he United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

In the Northern District of Iowa, the U.S. Attorney's practice is sometimes to include a section 851 notice directly in the Indictment, rather than in a separate document or "information." Chief Judge Linda R. Reade ruled that this procedure is acceptable in *Smith v. United States*, slip op., 2006 WL 2711850 (N.D. Iowa Sept. 21, 2006), reasoning as follows:

> The movant contends that the government failed to comply with 21 U.S.C. § 851 because the government did not file a separate information that gave sufficient notice of its intent to

2

> seek increased punishment. . . . He believes that the government should have utilized an information, rather than an indictment, to reveal its intent to increase his sentence. . . .
>
> The movant's challenge regarding 21 U.S.C. § 851 is without merit. . . . "[Such statute] does not require the government to provide notice of its intent to enhance a [ . . . ] sentence. Instead, the statute requires notice that 'stat[es] in writing the previous conviction[ ] to be relied upon.'" *United States v. Johnson*, 462 F.3d 815, [823] (8th Cir. 2006) (quoting 21 U.S.C. § 851). Although the general procedure is for the government to file a separate notice pursuant to 21 U.S.C. § 851, a separate notice is not required if the indictment itself provides sufficient notice of the government's intent to rely on a prior conviction. *Id*. Here, the indictment filed against the movant listed the prior conviction on which the government intended to rely. . . . Moreover, the indictment cited 21 U.S.C. § 851. Aside from citing 21 U.S.C. § 851, the indictment cited 21 U.S.C. § 841(b)(1)(D), that is, the statute that provides for an increased sentence based on a prior conviction for a felony drug offense. . . . Thus, the court concludes that the government provided the movant with sufficient notice. . . .

*Id.*, 2006 WL 2711850 at *5.

In *United States v. Leon Johnson*, 462 F.3d 815 (8th Cir. 2006), the court held as follows:

> We have noted that the purpose of notice under § 851 is to comply with the constitutional requirements of due process. *United States v. Curiale*, 390 F.3d 1075, 1076 (8th Cir. 2004). "In applying the statute's requirements, courts are careful not to elevate form over substance." *Id*. at 1077. In applying this principle, we have placed the greatest weight on whether the defendant enjoyed "full knowledge of the consequences" of his prior convictions when making strategic decisions in the course of his defense, including whether to challenge the fact of prior conviction or whether to plead guilty or to go to trial. *See id*.; *United States v. Timley*, 443 F.3d 615, 625-27 (8th Cir. 2006).

3

> Johnson correctly asserts that the general procedure is for the government to file a separate notice pursuant to § 851. *E.g.*, *Timley*, 443 F.3d at 621, 626. However, Johnson's argument for reversal fails because the government's reliance on prior convictions was apparent from the face of the indictment, which listed the prior convictions on which the government relied and expressly cited to § 851. *See id*. at 625-27. Contrary to Johnson's argument, § 851 does not require the government to provide notice of its intent to enhance a defendant's sentence.

*Johnson*, 462 F.3d at 823. Thus, the section 851 notice was properly included within the Indictment.

In his filing, Johnson argues that because the drug conspiracy charged in Count 1 of the Indictment spans the period from March 2002 through about August 31, 2007, his Nebraska felony drug conviction on March 21, 2006, occurred during and as part of the alleged conspiracy. He argues the conviction, therefore, cannot be a "prior" conviction for purposes of section 851. For the reasons discussed below, the motion (and Johnson's request for oral argument) is **denied**.[1]

The Eighth Circuit Court of Appeals has held in two cases that when overt acts in furtherance of a conspiracy occur after the date of a previous conviction, then the previous conviction may be considered "prior" for purposes of applying a sentencing enhancement. *See United States v. Funchess*, 422 F.3d 698, 703 (8th Cir. 2005) (holding the district court was entitled to impose sentencing enhancement for defendant's prior state felony drug conviction when defendant committed overt acts in furtherance of conspiracy after the date of defendant's prior conviction); *United States v. Titlbach*, 339 F.3d 692, 697 (8th Cir. 2003) (affirming the application of a prior conviction enhancement when the defendant committed an act in furtherance of a conspiracy after the date a prior conviction was

---

[1]The following discussion is taken largely from a ruling entered on April 27, 2007, by the Honorable Mark W. Bennett in *United States v. Nickolas Scott Pratt*, CR05-4017-MWB, Doc. No. 43.

4

finalized). The charged conspiracy in the present case is alleged to have continued until August 31, 2007, more than eighteen months after the date of Johnson's March 21, 2006, Nebraska conviction. At Johnson's detention hearing, the prosecutor stated he did not agree that the Nebraska conviction was part of the Iowa conspiracy charged in the present case, and he also alleged that Johnson continued participating in the charged conspiracy after that date. (Transcript of Detention hearing of January 30, 2008, Doc. No. 67-3, p. 31.) Under these circumstances, the court will not strike the Government's section 851 notice based only on Johnson's request.

The Court does not interpret Johnson's present filing to be a request for a hearing pursuant to section 851(c)(1). From the court's review of Johnson's filing (Doc. No. 67), it appears his only argument is that the Nebraska conviction cannot be a "prior" conviction because it occurred during the time period covered by the alleged conspiracy, and he is arguing this as a matter of law. This argument is unavailing under *Funchess* and *Titlbach*.

If Johnson wishes to challenge the alleged prior felony drug conviction, he is entitled to a hearing on the request. To obtain a hearing under section 851(c)(1), he must file a written response to the section 851 notice and serve a copy of the response on the United States Attorney, after which the court will hold a hearing to determine any issues raised by the response that would except Johnson from increased punishment. The hearing would be before the court without a jury, and either party could introduce evidence. The Government would bear the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court would enter findings of fact and conclusions of law.

If Johnson believes it is appropriate for the court to hear evidence on this or any other issue relating to the Government's section 851 notice, he should file a further

5

"response" to the notice identifying the issues to be heard, and the court will schedule a hearing promptly.

To the extent Johnson's "denial and response" (Doc. No. 67) may be construed as a motion, the motion is **denied** without prejudice.

**IT IS SO ORDERED.**

**DATED** this 6th day of March, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT